ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 5 2003

Michael N. Milby
Clerk of Court

JOSE LOUIS GARZA, §
      Plaintiff, §
 §
v. § CIVIL ACTION NO. B-01-138
 §
ANDERSON, GREENWOOD §
& COMPANY, §
      Defendant. §

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Comes now Defendant, Anderson Greenwood & Co., and files this memorandum with accompanying exhibits in support of its Motion for Summary Judgment. Defendant would show the Court as follows:

I. **FACTUAL BACKGROUND**

In March of 1995, Plaintiff was hired by the Defendant to work in its Cameron County, Texas plant. (See Ex. 1, Plaintiff's Original Petition, ¶ 4.) On July 13, 2001, Plaintiff was operating an overhead vehicle crane that was involved in an accident that caused injury to an outside vendor employee. (See Ex. 2, Incident Investigation). In accordance with Defendant's employee handbook, Plaintiff was suspended from employment. (See Ex. 3, Employee Warning Record). Plaintiff's employment was terminated on or about July 26, 2000. (See Ex. 4, Personnel Action Form).

On or about July 16, 2001, Plaintiff filed suit and alleged that he was terminated as a result of his support for a labor union. (See Ex. 1, Plaintiff's Original Petition, ¶ 4; See also Ex. 5, Plaintiff's Answers to Defendant's First Request for Admissions, No. 4).

## II. **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56, summary judgment is proper for a movant defendant if the record, viewed in the light most favorable to the nonmovant plaintiff, shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505 (1986); Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 588, 106 S.Ct. 1348, 1356 (1986)..

Where the record as a whole could not lead a rational trier of fact to find for the nonmovant, no genuine issue for trial exists and the movant is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 588, 106 S.Ct. at 1356. In other words, a court will grant summary judgment if there can be only one reasonable conclusion from the evidence. Anderson., 477 U.S. at 251, 106 S.Ct. at 2511.

## III. **ARGUMENT AND AUTHORITIES**

### Plaintiff's Claims are Within the Exclusive Jurisdiction of the National Labor Relations Board

On July 16, 2001, Plaintiff filed suit against Defendant alleging that the Plaintiff was discharged in retaliation for his union activities. (See Exhibit 1, Plaintiff's Original Petition, Paragraph 4; See also Exhibit 5, Plaintiff's Answers to Defendant's First Request for Admissions, No. 4).

In *San Diego Building Trades Council v. Garmon*, the Supreme Court established the general principal that the National Labor Relations Act, (hereinafter "NLRA") preempts state and federal court jurisdiction to remedy conduct that is arguably protected or prohibited by section 7 or section 8 of the Act. *See Garmon*, 359 U.S. 236,

79 S. Ct. 773 (1959). If an activity is subject to either of these sections, state and federal courts *must* defer exclusively to the National Labor Relations Board. *Id.,* 359 U.S. at 245, 79 S. Ct. 780. *See also Smith v. Houston Oilers, Inc.,* 87 F. 3d 717, 721-722 (5th Cir. 1996)(plaintiff's claim preempted.)

In his petition, plaintiff alleges that defendant terminated his employment as a result of his participation in union activities, in violation of the NLRA. As alleged, such a termination would be in violation of section 7 and section 8 of the Act. *See* 29 U.S.C. § 157, § 158. Specifically, section 8(a)1 and 8(a)(3) state:

It shall be an unfair labor practice for an employer –

(a)(1) to interfere with, restrain or coerce employees in the exercise of the rights guaranteed in section 7 [section 157 of this title]; and

(a)(3) to discriminate in regard to hire or tenure of employment of any term or condition of employment to encourage or discourage membership in any labor organization . . . .

*See* 29 U.S.C. § 157, § 158.

Plaintiff's claims are preempted by the National Labor Relations Act, and jurisdiction over this matter falls exclusively with the National Labor Relations Board. Any claim that plaintiff might have with regard to his termination must be filed with the NLRB.

## IV. **CONCLUSION**

Plaintiff's claims must be dismissed because the are within the exclusive jurisdiction of the National Labor Relations Board.

WHEREFORE, Defendant respectfully requests that this Court dismiss any and all allegations by Plaintiff, and grant Defendant such other and further relief to which it may show itself entitled.

Respectfully Submitted,

SADLER & SYKES, L.L.P.

OF COUNSEL:
Sadler & Sykes, L.L.P.

*Judith Batson Sadler*
Judith Batson Sadler
Texas State Bar #17511850
Southern District Bar # 9981
50 Briar Hollow Lane, Suite 550E
Houston, Texas 77027
(713) 877-8111    Telephone
(713) 877-8188    Facsimile

ATTORNEY IN CHARGE FOR
Defendant Anderson Greenwood & Co.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Defendant's Motion for Summary Judgment* has been sent to the following by U.S. certified mail, return receipt requested and/or facsimile on this 14th day of January, 2003:

Ruben R. Peña
Law Offices of Ruben R. Peña, P.C.
P. O. Box 530160
232 W. Harrison
Harlingen, Texas 78550
**Attorney for Plaintiff**

*Judith Batson Sadler*
Judith Batson Sadler