United States District Court
Southern District of Texas
ENTERED
MAR 1 1 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE LOUIS GARZA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL CASE NO. B-01-138 |
| | § | |
| ANDERSON, GREENWOOD & | § | |
| COMPANY | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED that on March 11, 2003, the Court considered Defendant's Motion for Summary Judgment [Dkt. No. 13]. For the reasons that follow, the Court **GRANTS** Defendant's motion and dismisses Plaintiff's claims against Defendant.

### Factual and Procedural Background

Plaintiff was employed by the Defendant in a plant located in Cameron County, Texas. While operating an overhead crane, Plaintiff was involved in an accident that injured a contract worker. See Defendant's Motion for Summary Judgment, Ex. 2 (Incident Investigation) [Dkt. No. 13]. After suspension and an investigation of the accident, Plaintiff was terminated on July 26, 2000. Plaintiff alleges his termination was carried out in a discriminatory manner and in retaliation for his activities in a union. He also alleges he was terminated because he was a potential witness for a workers' compensation claim. He argues Defendant's actions violated the National Labor Relations Act ("NLRA"). See Defendant's Motion for Summary Judgment, Ex. 1 (Plaintiff's Original Petition, ¶ 4) [Dkt. No. 13]. Defendant argues Plaintiff's claims should be dismissed because they fall exclusively within the jurisdiction of the National Labor Relations Board. Plaintiff failed to respond to Defendant's Motion for Summary Judgment. Pursuant to Local Rule 7.4, failure to respond to Defendant's motion is

1

interpreted by the Court as a representation of no opposition. Plaintiff instead submitted a Motion For Nonsuit [Dkt. No. 15] over a month after Defendant filed its Motion for Summary Judgment. Plaintiff's Motion for Non-suit, however does not comply with Federal Rule of Civil Procedure 41(a)(1) because he neglected to obtain the signatures of all parties. The Court therefore reviews the merits of Defendant's motion, and **DISMISSES** Plaintiff's claims without prejudice.

### Standard of Review

Summary Judgment is proper if the movant presents evidence that viewed in the light most favorable to the nonmoving party shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The party making a summary judgment motion has the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact. See id. 477 U.S. at 323; Colson v. Grohman, 174 F.3d 498, 506 (5th Cir.1999).

### Analysis

Section 8(a)(1) and 8(a)(3) of the National Labor Relations Act states:

It shall be an unfair labor practice for an employer --

(a)(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title; and

(a)(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization.

See 29 U.S.C. §§ 157-158. "'When an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.'" Smith v. Houston Oilers, Inc., 87 F.3d 717, 722 (5th Cir. 1996) (quoting San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959)). See

also <u>United Food and Commercial Workers Union v. Pilgrim's Pride Corp., 193 F.3d 328, 331 (5th Cir.1999)</u>; <u>Louisiana Bricklayers & Trowel Trades Pension Fund & Welfare Fund v. Alfred Miller General Masonry Contracting Co., 157 F.3d 404, 407 (5th Cir.1998)</u>.

Plaintiff alleges his termination was the result of his participation in union activities in violation of the National Labor Relations Act. This kind of claim invokes the right of employees to organize and collectively bargain, which is governed by Section 7 of the NLRA. See 29 U.S.C. § 157. If an employer interferes with these rights, this constitutes a violation of Section 8 of the NLRA. See id. § 158(a)(1). As a result, Plaintiff's claim falls exclusively within the jurisdiction of the National Labor Relations Board, and this court is without jurisdiction to review Plaintiff's claims. The Court **DISMISSES** Plaintiff's claim without prejudice and **GRANTS** Defendant's Motion for Summary Judgment.

DONE this 11th day of March, 2003, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Court Judge